UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN WRIGHT and                CASE NO.: 6:11-cv-613-ORL-22-KRS
BEN WRIGHT,

       Plaintiffs,

v.

LAKE AUSTIN PROPERTIES I, LTD.,

       Defendant.

_____/

## COMPLAINT

Plaintiffs, BRIAN WRIGHT and BEN WRIGHT ("Plaintiffs"), through undersigned counsel, sue defendant, LAKE AUSTIN PROPERTIES I, LTD. ("Defendant"), and for their complaint allege and aver the following:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages of $75,000.00 or more and within the jurisdictional limits of this Court.

2.     Venue is proper in the Orlando Division, inasmuch as the property at issue is located in Orange County, Florida, and Defendant maintains its principal office in Kissimmee, Osceola County, Florida, where it transacts its customary business.

3.     Plaintiffs are individuals who are residents of the Country of the United Kingdom, are not residents of the State of Florida, and are sui juris.

4.     Defendant is a Florida Limited Partnership formed under the laws of the State of Florida having its principal place of business in Kissimmee, Osceola County,

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

Florida, whose general partner is GFD, Inc., a Florida Corporation formed under the laws of the State of Florida having its principal place of business in Kissimmee, Osceola County, Florida.

5.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

### GENERAL ALLEGATIONS

6.      Defendant is a developer and seller of condominium properties located in Florida.

7.      On or about September 21, 2007, Plaintiffs executed the Agreement for Sale ("Purchase Agreement").  Because Plaintiffs did not keep or receive back a copy of the original Purchase Agreement, attached hereto as Exhibit 1 is a true and correct copy of the Purchase Agreement that was executed by Plaintiffs with a purchase price of $330,000.00, a 25 percent deposit requirement, and other pertinent information as set forth in paragraph 8 below.

8.      Plaintiffs paid deposits of 1,000 British Pounds Sterling, which converted to $1,828.00, on or about April 10, 2005, and $80,672.00 on or about June 29, 2005, for total deposits of $82,500.00, to Defendant to place and hold in escrow for the purchase of building C2 unit 729 (the "Unit") of The Grande Palisades phase of Defendant's Lake Austin Reserve development.

9.      The Purchase Agreement contemplates closing on the sale and purchase of the Unit after completion of construction and, as of the date of the filing of this lawsuit, the Unit and the building housing the Unit have not been substantially completed.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

10.     Defendant made use of means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of the Unit by utilizing telephone lines, the internet and the mails in communication with Plaintiffs.

11.     Despite Plaintiffs' timely written demand for rescission and termination of the Purchase Agreement, Defendant has failed to return Plaintiffs' deposits and has failed to acknowledge termination of the Purchase Agreement.

12.     The undersigned law firm has been retained by Plaintiffs to represent them in this action and Plaintiffs have agreed to pay the undersigned law firm a reasonable fee for its services and to reimburse the undersigned law firm for all costs advanced in connection with this action.

13.     All conditions precedent to the filing of this action have been performed, waived or otherwise satisfied.

## COUNT I – VIOLATION OF 15 U.S.C. §§ 1701-1720

14.     Paragraphs 1 through 13 and 111 through 134 are realleged as though fully set forth herein.

15.     Defendant is a developer as defined by 15 U.S.C. § 1701(5) of the Interstate Land Sales Full Disclosure Act ("ILSFDA").

16.     Plaintiffs are purchasers as defined by 15 U.S.C. § 1701(10).

17.     Pursuant to 15 U.S.C. § 1702, 24 C.F.R. 1710.1(b), and 61 Fed. Reg. 13,602, ILSFDA applies to the sale of lots, including those in residential, commercial, condominium, or industrial buildings.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

18.    The Purchase Agreement characterizes the Unit as a condominium. See sections 1, 2, 3, 5, etc. of the Purchase Agreement.

19.    ILSFDA applies to the sale of the Unit.

20.    Pursuant to 15 U.S.C. § 1703, a developer is prohibited from making use of any means or instruments of transportation or communications in interstate commerce, or of the mails, in connection with the sale of any real property unless a printed property report meeting the requirements of Section 1707 is furnished to a purchaser in advance of the signing of any contract or agreement for sale by the purchaser.

21.    Defendant failed to furnish a property report to Plaintiffs as required by 15 U.S.C. § 1703.

22.    Pursuant to 15 U.S.C. § 1702(a)(2), the provisions of ILSFDA shall not apply to the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such building thereon within a period of two years.

23.    Defendant elected not to furnish the property report to Plaintiffs as required by 15 U.S.C. § 1703 and instead apparently elected to rely upon an exemption provided for under 15 U.S.C. § 1702.

24.    Pursuant to 15 U.S.C. § 1702(a), the 15 U.S.C. § 1702(a) exemptions to ILSFDA coverage do not apply if the method of disposition is adopted for the purpose of evasion of ILSFDA.

25.    Defendant and Plaintiffs entered into a previous purchase agreement for the

Unit, pursuant to which Plaintiffs paid the deposits.

26.     Defendant's purpose of the Purchase Agreement was to insert language into the parties' previous purchase agreement in order to evade ILSFDA coverage and protections.

27.     Defendant's method of disposition via the Purchase Agreement, after having already entered into a previous purchase agreement with Plaintiffs, was for the purpose of evasion of ILSFDA.

28.     Pursuant to 15 U.S.C. § 1712, any condition, stipulation, or provision binding any person acquiring any lot to waive compliance with any provision of ILSFDA or of the rules and regulations of the Secretary shall be void.

29.     Pursuant to 15 U.S.C. § 1703(a)(2)(A) of ILSFDA, it shall be unlawful for any developer, with respect to the sale, or offer to sell, any lot not exempt from ILSFDA to employ any device, scheme, or artifice to defraud.

30.     Defendant has employed the Purchase Agreement, brochures, prospectus, internet based promotional material, and other materials provided to Plaintiffs by Defendant, and other devices, as part of its scheme to induce Plaintiffs to pay deposits to it and to enter into the Purchase Agreement.

31.     More specifically, Defendant represented via the devices and as part of its scheme that it would deliver to Plaintiffs the therein described Unit and amenities, when in fact it intended and attempted to deliver to Plaintiffs a substantially smaller and lesser Unit and amenities.

32.     Defendant has violated 15 U.S.C. § 1703(a)(2)(A) of ILSFDA.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

33.     Pursuant to 15 U.S.C. § 1703(a)(2)(B) of ILSFDA, it shall be unlawful for any developer, with respect to the sale, or offer to sell, any lot not exempt from ILSFDA to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale) not misleading, with respect to any information pertinent to the lot or subdivision.

34.     Defendant, in connection with the sale of the Unit, obtained money from Plaintiffs via untrue statements of material fact, pertinent to the Unit and development, contained in the Purchase Agreement, brochures, prospectus, internet based promotional material, and other materials provided to Plaintiffs by Defendant.

35.     More specifically, Defendant obtained the deposits from Plaintiffs and induced Plaintiffs to enter into the Purchase Agreement based upon untrue representations and statements of material fact pertaining to the Unit and amenities.

36.     Defendant has violated 15 U.S.C. § 1703(a)(2)(B) of ILSFDA.

37.     Pursuant to 15 U.S.C. § 1703(a)(2)(C) of ILSFDA, it shall be unlawful for any developer, with respect to the sale, or offer to sell, any lot not exempt from ILSFDA to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

38.     Defendant, in connection with the sale of the Unit, engaged in a transaction, practice, or course of business which operates as a deceit upon the Plaintiffs via untrue statements of material fact, relating to the Unit and primary amenities, contained in the

Purchase Agreement, brochures, prospectus, internet based promotional material, and other materials provided to Plaintiffs by Defendant.

39.     More specifically, Defendant deceived Plaintiffs, thereby inducing Plaintiffs to pay deposits and enter into the Purchase Agreement, by making untrue representations and statements of material fact pertaining to the Unit and amenities.

40.     Defendant has violated 15 U.S.C. § 1703(a)(2)(C) of ILSFDA.

41.     ILSFDA is intended to protect the public and should be liberally construed in favor of the public.

42.     Defendant failed to provide in the Purchase Agreement an unconditional commitment to Plaintiffs to complete construction within two years.

43.     Defendant has violated 15 U.S.C. § 1703 by failing to furnish a property report to Plaintiffs, by utilizing the Purchase Agreement as a method to evade ILSFDA, by failing to provide in the Purchase Agreement an unconditional commitment to Plaintiffs to complete construction of the Unit within two years, by limiting Plaintiffs' remedies in the event of Defendant's breach, and by failing to otherwise comply with ILSFDA.

44.     ILSFDA, including 15 U.S.C. § 1709, provides that a purchaser may bring an action at law or equity against both a developer or agent, which includes any person who represents or acts for or on behalf of a developer, for a violation of 15 U.S.C. § 1703.

45.     ILSFDA, 15 U.S.C. § 1703(c) - (e), provides that if the property report is not furnished to the purchaser prior to the purchaser signing any contract or agreement

for sale for the property at issue, the purchaser, at his option, may revoke the contract and shall be entitled to all money paid under the contract, including any and all deposits paid.

46.     Plaintiffs have paid deposits totaling $82,500.00.

47.     Pursuant to 15 U.S.C. § 1709, Plaintiffs are entitled to reasonable attorney fees, court costs, independent appraisers' fees and travel to and from the Unit.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for statutory and equitable rescission and revocation of the Purchase Agreement, for $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT II – VIOLATION OF 15 U.S.C. § 77e - SECURITIES ACT OF 1933

48.     Paragraphs 1 through 13 and 111 through 137 are realleged as though fully set forth herein.

49.     The Purchase Agreement is a security as defined by 15 U.S.C. § 77b(a)(1) of the Securities Act of 1933 (the "Act").

50.     Defendant is a person as defined by 15 U.S.C. § 77b(a)(2) of the Act.

51.     Pursuant to 15 U.S.C. § 77e, unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise.

52.     Defendant has failed to file a registration statement as required by 15 U.S.C. § 77e.

53.     Defendant violated 15 U.S.C. § 77e by failing to file a registration

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

statement.

54.     The Act, 15 U.S.C. § 77l, provides that if any person offers or sells a security in violation of section 77e of this title, the person shall be liable to the person purchasing the security for the consideration paid for such security with interest thereon.

55.     The Act, 15 U.S.C. § 77l, provides that if any person offers or sells a security by means of a prospectus or oral communications, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading, the person shall be liable to the person purchasing the security for the consideration paid for such security with interest thereon.

56.     The Act, 15 U.S.C. § 77n, provides that any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of the Act shall be void.

57.     The Act is to be liberally construed in favor of protecting the investing public.

58.     The Purchase Agreement is an investment contract as defined by the Act.

59.     The Purchase Agreement requires the investment of money by Plaintiffs.

60.     The Purchase Agreement pertains to a common enterprise as it entails the purchase of one of over 290 units to be used as part of a resort condominium.

61.     The Declaration of Condominium of The Grande Palisades C2, A Condominium, contemplates use of the Unit for long-term and short-term rentals.

62.     The Purchase Agreement contemplates the expectation of profits to be

9

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

derived solely from the efforts of others.

63.     On or after the date Plaintiffs signed the Purchase Agreement, Defendant provided Plaintiffs with the "2008 Marketing Plan Overview," emphasizing the rental revenue calculations, occupancy rates, and other investment aspects of the Unit to be professionally managed and marketed by Grande International Resort Management in conjunction with a management arrangement.

64.     Plaintiffs, and other purchasers, are dependent on the efforts of Defendant or Defendant's agent to make a profit.

65.     Plaintiffs are subject to financial loss.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for revocation of the Purchase Agreement, for $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT III – VIOLATION OF FLORIDA STATUTES CHAPTER 517 FLORIDA SECURITIES AND INVESTOR PROTECTION ACT

66.     Paragraphs 1 through 13 and 48 through 65 are realleged as though fully set forth herein.

67.     The Purchase Agreement is a security as defined by Florida Statutes § 517.021(21)(q) of Florida Statutes Chapter 517 (the "Florida Act").

68.     Defendant is a person for purposes of the Florida Act.

69.     Defendant is an issuer for purposes of the Florida Act.

70.     The Florida Act is to be given a broad and liberal interpretation to

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

effectuate its purpose of protecting the public.

71.     Pursuant to Florida Statutes § 517.07, unless a security is exempt or registered, a security shall not be sold or offered for sale within the State of Florida.

72.     Pursuant to Florida Statutes § 517.07, unless a security is exempt or a prospectus meeting the requirements of rules adopted by the commission is furnished to the purchaser prior to each sale, a security shall not be sold or offered for sale within the State of Florida.

73.     The Purchase Agreement is not exempt from the requirements of Florida Statutes Chapter 517 and the burden of establishing the right to any exemption is upon Defendant.

74.     Defendant failed to register the Purchase Agreement as required by Florida Statutes Chapter 517.

75.     Defendant failed to secure a permit to sell securities as required by Florida Statutes Chapter 517.

76.     Pursuant to Florida Statutes § 517.12(1), no issuer of securities shall sell or offer for sale any securities in or from offices in the State of Florida, by mail or otherwise, unless the person has been registered with the State of Florida Office of Financial Regulation pursuant to the Florida Act.

77.     Pursuant to Florida Statutes § 517.021(20), sale means any contract of sale of any investment, security, or interest in a security, for value.

78.     Pursuant to Florida Statutes § 517.211, every sale made in violation of Florida Statutes § 517.07 or 517.12(1) may be rescinded at the election of the purchaser

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

and each person making the sale and every director, officer, partner, or agent of or for Defendant may be held jointly and severally liable to Plaintiffs in an action for rescission.

79.     Defendant has violated the Florida Act.

80.     Pursuant to Florida Statutes § 517.211(6), Plaintiffs are entitled to an award of reasonable attorney fees.

81.     Pursuant to Florida Statutes § 517.241(3), Plaintiffs are entitled to the same civil remedies provided by the United States for the purchasers of securities, including an award of interest.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for revocation of the Purchase Agreement, for $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT IV - VIOLATION OF FLORIDA STATUTES § 718.202

82.     Paragraphs 1 through 13 are realleged as though fully set forth herein.

83.     Pursuant to Florida Statutes § 718.103(23), a residential condominium is defined as a condominium of two or more units, any of which are intended for use as a private temporary or permanent residence.

84.     The Declaration of Condominium of The Grande Palisades C2, A Condominium, Article 5, describes the building as containing 293 residential units.

85.     The Department of Business and Professional Regulation Division of Florida Land Sales, Condominiums, and Mobile Homes' Final Order BPR-99-06267 (Page 7), provides that a condominium containing units which are leased or rented on a

transient basis are included in the definition of residential condominium as set forth in Florida Statutes § 718.103.

86.     The condominium development owned by Defendant, and which contains the Unit, is a residential condominium as defined by Florida Statutes § 718.103(23).

87.     Pursuant to Florida Statutes § 718.202(1), if a developer contracts to sell a condominium parcel and the construction of the property has not been substantially completed, the developer shall pay into an escrow account all payments up to 10 percent of the sale price received by the developer from the buyer towards the sale price.

88.     Pursuant to Florida Statutes § 718.202(2), all payments which are in excess of the 10 percent of the sale price described in Florida Statutes § 718.202(1), and which have been received prior to completion of construction by the developer from the buyer on a contract for purchase of a condominium parcel, shall be held in a special escrow account and may not be used by the developer prior to the closing of the transaction, except for refund to the buyer or, if the contract so provides, the developer may withdraw escrow funds in excess of 10 percent of the purchase price from the special escrow account when construction of improvements has begun.

89.     Pursuant to Florida Statutes § 718.202(3), if the developer withdraws special escrow account funds in excess of 10 percent of the purchase price when construction of improvements has begun, then such funds may only be used in the actual construction and development of the condominium property in which the unit to be sold is located and no part of such funds may be used for salaries, commissions, or expenses of salespersons or for advertising purposes.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

90.     Pursuant to Florida Statutes § 718.202, Defendant was required to establish two separate escrow accounts to hold Plaintiffs' deposits.

91.     Plaintiffs' deposits were paid directly to Defendant, or an account designated by Defendant, and not to an escrow agent or an account controlled by an escrow agent.

92.     After receiving Plaintiffs' deposits, Defendant deposited 10 percent of the purchase price with an escrow agent and retained the remainder.

93.     Prior to the start of construction and development of the condominium building in which the Unit was to be located, Defendant retained all of Plaintiffs' deposit funds, with the exception of the 10 percent of the sale price required to be retained pursuant to Florida Statutes § 718.202(1).

94.     Plaintiffs' deposit funds retained and/or otherwise received by Defendant were not used in the actual construction and development of the condominium property in which the unit to be sold is located.

95.     Pursuant to Florida Statutes § 718.202(5), Defendant's failure to comply with the provisions of Florida Statutes § 718.202 renders the Purchase Agreement voidable by Plaintiffs.

96.     Pursuant to Florida Statutes § 718.202(5), if Plaintiffs elect to void the Purchase Agreement, all sums deposited or advanced under the Purchase Agreement shall be refunded to Plaintiffs, with interest.

97.     Despite Plaintiffs' delivery of timely, written notice to Defendant of Plaintiffs' intention to cancel, Defendant has refused to acknowledge that the Purchase

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

Agreement is voided and has refused to authorize the release and return to Plaintiffs of their deposit money totaling $82,500.00.

98.     Pursuant to Florida Statutes § 718.125, Plaintiffs are entitled to an award of reasonable attorney fees and costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for rescission of the Purchase Agreement, declaring the Purchase Agreement voided, $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT V - VIOLATION OF FLORIDA STATUTES § 718.503

99.     Paragraphs 1 through 13, 82 through 86, and 111 through 134 are realleged as though fully set forth herein.

100.    Pursuant to Florida Statutes § 718.504, every developer of a residential condominium which contains more than 20 residential units shall prepare a prospectus or offering circular.

101.    The condominium development owned by Defendant, and which contains the Unit, contains more than 20 residential units.

102.    Pursuant to Florida Statutes § 718.503(1)(b), a developer must deliver to a prospective buyer the prospectus or disclosure statement with all exhibits.

103.    Defendant has violated Florida Statutes § 718.503 by failing to deliver a prospectus or disclosure statement with all exhibits to Plaintiffs.

104.    Pursuant to Florida Statutes § 718.503, a developer must deliver to a prospective buyer any amendment which materially alters or modifies the offering in a

manner that is adverse to the buyer.

105.   Florida Statutes § 718.503 provides that until such time as the developer has furnished the statutorily required documents to a purchaser who has entered into a contract to purchase a residential unit, the contract may be voided and the purchaser is entitled to a refund of any deposits together with interest.

106.   Florida Statutes § 718.503 provides that once a developer has furnished the statutorily required documents to a purchaser who has entered into a contract to purchase a residential unit, the contract may be voided by the purchaser within 15 days after the date of receipt from the developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the buyer.

107.   Defendant failed to provide Plaintiffs with various statutorily required documents which materially alter or modify the offering in a manner that is adverse to Plaintiffs.

108.   Despite Plaintiffs' delivery of timely, written notice to Defendant of Plaintiffs' intention to cancel, Defendant has refused to acknowledge that the Purchase Agreement is voided and has refused to authorize the release and return to Plaintiffs of their deposit money totaling $82,500.00.

109.   Pursuant to Florida Statutes § 718.125, Plaintiffs are entitled to an award of reasonable attorney fees and costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for rescission of the Purchase Agreement, $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

proper.

## COUNT VI – VIOLATION OF FLORIDA STATUTES § 718.506

110. Paragraphs 1 through 13, 82 through 86, and 99 through 109 are realleged as though fully set forth herein.

111. Prior to Plaintiffs signing the Purchase Agreement, Defendant published and provided to Plaintiffs information that The Grande Palisades units square footage would be 1263 square feet interior, 171 square feet balconies, for 1434 total square feet, for a Two Bedroom Gold Palermo; 1359 square feet interior, 208 square feet balconies, for 1567 total square feet, for a Two Bedroom Corner Gold Seville; 1354 square feet interior, 171 square feet balconies, for 1525 total square feet, for a Three Bedroom Gold Barcelona; 1386 square feet interior, 159 square feet balconies, for 1535 [sic] total square feet, for a Two Bedroom Platinum Havana; and 1504 square feet interior, 159 square feet balconies, for 1663 total square feet, for a Three Bedroom Platinum Casablanca as reflected in The Grande Palisades Resort at Lake Austin Reserve Orlando Florida brochure and other promotional materials provided to Plaintiffs by Defendant.

112. The actual Grande Palisades units square footage is 1263 total square feet or less, for a Two Bedroom Gold Palermo; 1359 total square feet or less, for a Two Bedroom Corner Gold Seville; 1354 total square feet or less, for a Three Bedroom Gold Barcelona; 1386 total square feet or less, for a Two Bedroom Platinum Havana; and 1504 total square feet or less, for a Three Bedroom Platinum Casablanca.

113. The square footage of the Unit is a material statement or information because it goes to the very essence of a condominium unit, which entails the purchase of

the right to exclusively occupy a certain area within the condominium building and does not include the exclusive ownership of any land associated with the condominium building.

114.     At the time that Defendant provided the information, it knew, or should have known, that the actual Unit square footage contemplated to be conveyed to Plaintiffs would be significantly less, as reflected in Article 6.2.1 of the Declaration of Condominium of The Grande Palisades C2, A Condominium, and other materials.

115.     Plaintiffs reasonably relied upon the material statement or information regarding the Unit square footage and, in reliance thereupon, paid deposits and entered into the Purchase Agreement to purchase the Unit.

116.     The Unit square footage representations made by Defendant to Plaintiffs were false and misleading because the actual Unit square footage contemplated to be conveyed to Plaintiffs is less than represented by Defendant.

117.     Prior to Plaintiffs signing the Purchase Agreement, Defendant published and provided to Plaintiffs information regarding various aspects of the condominium building, amenities and Unit as reflected in the Purchase Agreement, brochures, prospectus, internet based promotional material, and other materials provided to Plaintiffs by Defendant.

118.     The referenced representations and information include, but are not limited to, the following.

119.     A Heated Outdoor Swimming Pool, more specifically, an irregular-shaped heated swimming pool with a depth of three to five feet, containing approximately 3,000

square feet with a capacity of approximately 90,000 gallons, and designed to accommodate one hundred (100) individuals, to be used only by unit owners of The Grande Palisades Condominium.

120.    A Heated Jacuzzi Spa, more specifically, a spa approximately 12 feet in diameter, having a capacity of approximately 10 people to be used only by unit owners of The Grande Palisades Condominium.

121.    A Pool Deck, more specifically, a 10 foot deck surrounding the pool, containing approximately 12,400 square feet and designed to accommodate three hundred sixty (360) sunbathers, to be used only by unit owners of The Grande Palisades Condominium.

122.    A Commercial Club House to include a Fitness Centre, Mini Cinema, Internet Café, Games Room, Lounge Facilities and Reception Area.

123.    Multiple outdoor heated swimming pools and jacuzzis.

124.    A health spa and spa facilities.

125.    Small movie theatre, shops, bars, restaurant and lounge areas.

126.    Children's recreational area.

127.    Boating facilities.

128.    A security gatehouse located at the entrance to the condominium, to be used only by unit owners of The Grande Palisades Condominium.

129.    Approximately 450 parking spaces located throughout the Condominium property, consisting of approximately 420 standard sized parking spaces and approximately 30 handicap sized parking spaces, to be used only by unit owners of The

Grande Palisades Condominium.

130.   A minimum of $50,000.00 to be expended to purchase personal property for the commonly used facilities.

131.   The referenced matters are material statements or information because they pertain to Plaintiffs' financial, ownership, use and other rights and obligations upon closing on the purchase of the Unit.

132.   At the time that Defendant provided the information, it knew, or should have known, that the information was false.

133.   Plaintiffs reasonably relied upon the material statement or information regarding the Unit square footage, building amenities square footage and capacity, use rights and other representations and, in reliance thereupon, paid deposits and entered into the Purchase Agreement to purchase the Unit.

134.   At the time that Defendant provided the information regarding the Unit square footage, building amenities square footage and capacity, use rights and other representations, it knew, or should have known, that the actual square footage and capacity, use rights and other representations were materially and adversely different.

135.   Pursuant to Florida Statutes § 718.506, any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

136.     Pursuant to Florida Statutes § 718.506(2), Plaintiffs are entitled to an award of reasonable attorney fees and costs.

137.     Plaintiffs have paid deposits totaling $82,500.00.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for rescission of the Purchase Agreement, $82,500.00 plus other damages, together with attorney fees and costs, pre-judgment interest, costs, and such further relief as this Court deems just and proper.

## <u>COUNT VII – VIOLATION OF FLORIDA STATUTES § 501.201 ET SEQ</u>

138.     Paragraphs 1 through 137 are realleged as though fully set forth herein.

139.     This count is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 et seq ("FDUTPA").

140.     Pursuant to Florida Statutes § 501.202, FDUTPA is to be construed liberally to, inter alia, promote the policies of simplifying, clarifying and modernizing the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices, as well as to protect the consuming public and to make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

141.     Pursuant to Florida Statutes § 501.203(3)(c), a violation of any law, statute, rule, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices is a per se violation of FDUTPA.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

142.    As set forth in *Trotta v. Lighthouse Point Land Company, LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008), a violation of ILSFDA is a per se violation of FDUTPA.

143.    Because Defendant has violated ILSFDA, it has violated FDUTPA.

144.    The Securities Act of 1933, similar to ILSFDA, was enacted by the United States legislature to protect the public, as such, a violation of the Securities Act of 1933 is a per se violation of FDUTPA.

145.    Because Defendant has violated the Securities Act of 1933, it has violated FDUTPA.

146.    Florida Statutes Chapter 517, similar to the Securities Act of 1933, was enacted by the Florida legislature to protect the public, as such, a violation of Florida Statutes Chapter 517 is a per se violation of FDUTPA.

147.    Because Defendant has violated Florida Statutes Chapter 517, it has violated FDUTPA.

148.    As set forth in *Asbury Arms Development Corporation v. Florida Department of Business Regulations, Division of Florida Land Sales and Condominiums*, 456 So. 2d 1291, 1293 (Fla. 2d DCA 1984), the Florida legislature enacted Florida Statutes Chapter 718 to protect the public, as such, a violation of Florida Statutes Chapter 718, and specifically Florida Statutes §§ 718.202, 718.503 or 718.506, is a per se violation of FDUTPA.

149.    As Defendant has violated Florida Statutes Chapter 718, it has violated FDUTPA.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

150.    The violations of the above referenced laws each constitute per se deceptive acts and/or unfair acts and/or practices because the violations of these laws caused Plaintiffs not to be provided with the legally mandated protections and disclosures, which would have contained important warnings about the risks associated with purchasing the Unit, and are also likely to mislead prospective purchasers.

151.    The violations of the above referenced laws caused Plaintiffs to enter into the Purchase Agreement and pay significant deposits which they would not have done had they been provided with the legally mandated protections and disclosures.

152.    Pursuant to Florida Statutes § 501.211(1), without regard to any other remedy or relief to which Plaintiffs are entitled, Plaintiffs may bring an action to enjoin Defendant from violating FDUTPA and are entitled to equitable relief in the form of rescission of the Purchase Agreement and enjoinment of Defendant from enforcing any terms of the Purchase Agreement.

153.    Pursuant to FDUTPA, Plaintiffs are entitled to a declaratory judgment that Defendant has violated FDUTPA, that Defendant's failure to comply with ILSFDA, the Securities Act of 1933, Florida Statutes Chapter 517 and Florida Statutes Chapter 718 constitute violations of FDUTPA, and that, pursuant to Florida Statutes § 501.211(2), Plaintiffs are entitled to recover from Defendant their actual damages plus attorney fees and court costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for enjoinment of Defendant from violating FDUTPA and enjoinment of enforcement of the Purchase Agreement, $82,500.00 plus other damages, together with attorney fees and costs, pre-

judgment interest, costs, and such further relief as this Court deems just and proper.

## COUNT VIII – BREACH OF CONTRACT

154.    Paragraphs 1 through 13 and 111 through 137 are realleged as though fully set forth herein.

155.    Plaintiffs and Defendant are the parties to the Purchase Agreement which is attached hereto as Exhibit 1.

156.    Sections 1 and 41 of the Purchase Agreement provide that Plaintiffs may void and cancel the Purchase Agreement within 15 days after the date of execution of the Purchase Agreement and receipt by Plaintiffs of all of the items required to be delivered to Plaintiffs by Defendant under Florida Statutes § 718.503.

157.    Sections 1 and 41 of the Purchase Agreement provide that Plaintiffs may void and cancel the Purchase Agreement within 15 days after the date of receipt from Defendant of any amendments which materially alter or modify the offering in a manner that is adverse to Plaintiffs.

158.    Defendant materially breached the Purchase Agreement, thereby excusing any further performance by Plaintiffs, by failing to provide the items required to be delivered to Plaintiffs by Defendant under Florida Statutes § 718.503 and/or failing to deliver to Plaintiffs amendments which materially alter or modify the offering in a manner that is adverse to Plaintiffs.

159.    Section 10 of the Purchase Agreement provides that Defendant is unconditionally obligated to complete the Unit on or before the date that is two years from the date that Plaintiffs signed the Purchase Agreement.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

160.   The Unit includes the right to use, and requires the completion of, the amenities and facilities set forth in section 7 of the Purchase Agreement.

161.   Defendant has failed to timely complete the Unit and/or the amenities and facilities set forth in section 7 of the Purchase Agreement.

162.   Section 30 of the Purchase Agreement provides that the performance of all obligations on the precise times stated in the Purchase Agreement is of absolute importance and failure to perform on time is a default, time being of the essence.

163.   Defendant materially breached the Purchase Agreement, thereby excusing any further performance by Plaintiffs, by failing to timely complete the Unit and/or the amenities and facilities set forth in section 7 of the Purchase Agreement.

164.   Section 12 of the Purchase Agreement provides that Plaintiffs shall not be obligated to close on the purchase of the Unit until Defendant has recorded the Declaration of Condominium and related documents in the Orange County public records and has obtained a temporary or permanent certificate of occupancy for or covering the Common Elements of the Condominium and the Unit from the proper government agency.

165.   As of the date of commencement of this lawsuit, Defendant has not recorded The Grande Palisades phase building C2 Declaration of Condominium in the Orange County public records.

166.   Defendant has materially breached the Purchase Agreement by failing to comply with its obligations under the Purchase Agreement, which were conditions precedent to Plaintiffs' obligation to close on the purchase of the Unit.

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

167.    Section 16 of the Purchase Agreement provides that if Defendant defaults under any of the provisions of the Purchase Agreement, then Plaintiffs have the right to 1) terminate the Purchase Agreement and receive a refund of all deposits actually paid under the Purchase Agreement and the interest earned on them, if any, or 2) specifically enforce the Purchase Agreement.

168.    Plaintiffs have paid deposits totaling $82,500.00.

169.    Pursuant to section 17 of the Purchase Agreement, Plaintiffs are entitled to recover Plaintiffs' attorney fees and costs from Defendant.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for revocation of the Purchase Agreement, $82,500.00 plus other damages, together with pre-judgment interest, attorney fees, costs, and such further relief as this Court deems just and proper.

## COUNT IX – DECLARATORY RELIEF

170.    Paragraphs 1 through 169 are realleged as though fully set forth herein.

171.    This count is brought pursuant to Florida Statutes Chapter 86.

172.    Plaintiffs and Defendant are the parties to the Purchase Agreement which is attached hereto as Exhibit 1.

173.    Pursuant to the Purchase Agreement, Vanguard Title, LLC, and subsequently Aloma Title Company and Extensor Capital Investment Partners II, LLC, as escrow agents, were or are holding all or part of Plaintiffs' deposits totaling $82,500.00.

174.    For the multiple reasons set forth in the counts contained in this lawsuit, Plaintiffs maintain that they are entitled to the immediate return of all funds being held by Vanguard Title, LLC, Aloma Title Company, Extensor Capital Investment Partners II,

URBAN THIER FEDERER & JACKSON, P.A.
200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

LLC, or any other escrow agent, person or entity holding any of the funds paid by Plaintiffs in connection with the Purchase Agreement.

175.    Despite demand upon Defendant, Vanguard Title, LLC, Aloma Title Company and Extensor Capital Investment Partners II, LLC, to return the funds, they have failed or refused to return such funds to Plaintiffs.

176.    Pursuant to section 17 of the Purchase Agreement, Plaintiffs are entitled to recover Plaintiffs' attorney fees and costs from Defendant.

**WHEREFORE**, Plaintiffs demand a declaratory judgment that 1) the Purchase Agreement is rescinded, and alternatively breached by Defendant; 2) Plaintiffs are entitled to the return of the full deposit of $82,500.00 plus any interest accrued on said amount; 3) Plaintiffs are entitled to an award of attorney fees, costs and interest; and 4) Plaintiffs are entitled to such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ John L. Urban
John L. Urban, Esq.
Fla. Bar No. 0175307
Attorneys for Plaintiffs
**URBAN THIER FEDERER &
JACKSON, P.A.**
200 S. Orange Avenue, Suite 2025
Orlando, Florida  32801
Tel.    407-245-8352
Fax.    407-245-8361
Email:  urban@urbanthier.com